**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROBERT A. SCARDELLETTI; FRANK
FERLIN, JR.; JOEL PARKER; DON BUJOLD,
as Trustees of the Transportation
Communications International Union
Staff Retirement Plan,
            *Plaintiffs-Appellees,*

v.

GEORGE THOMAS DEBARR, Individually
and as representative of a class of all
persons similarly situated; ANTHONY
SANTORO, SR.,
            *Defendants-Appellees,*

and

DONALD A. BOBO; R. I. KILROY; F. T.
LYNCH; FRANK MAZUR,
                        *Defendants,*

v.

ROBERT J. DEVLIN; RETIRED EMPLOYEES
PROTECTIVE ASSOCIATION,
            *Movants-Appellants,*

and

A. MEADERS; JAMES H. GROSKOPF;
THOMAS C. ROBINSON; DOYLE W.
BEAT; MIRIAM E. PARRISH; ROBERT A.
PARRISH; DESMOND FRASER; JAMES L.
BAILEY; DOROTHY DEERWESTER;
THOMAS J. HEWSON; CLAY B. WOLFE;
KENNETH B. LANE; BRIAN A. JONES;
CHARLES O. SWASY,
            *Parties in Interest.*

No. 99-2619

ROBERT A. SCARDELLETTI; FRANK
FERLIN, JR.; JOEL PARKER; DON BUJOLD,
as Trustees of the Transportation
Communications International Union
Staff Retirement Plan,
*Plaintiffs-Appellees,*

v.

GEORGE THOMAS DEBARR, Individually
and as representative of a class of all
persons similarly situated; ANTHONY
SANTORO, SR.,
*Defendants-Appellees,*

and

DONALD A. BOBO; R. I. KILROY; F. T.
LYNCH; FRANK MAZUR,
*Defendants,*

v.

ROBERT J. DEVLIN; RETIRED EMPLOYEES
PROTECTIVE ASSOCIATION,
*Movants-Appellants,*

and

A. MEADERS; JAMES H. GROSKOPF;
THOMAS C. ROBINSON; DOYLE W.
BEAT; MIRIAM E. PARRISH; ROBERT A.
PARRISH; DESMOND FRASER; JAMES L.
BAILEY; DOROTHY DEERWESTER;
THOMAS J. HEWSON; CLAY B. WOLFE;
KENNETH B. LANE; BRIAN A. JONES;
CHARLES O. SWASY,
*Parties in Interest.*

No. 00-1411

ROBERT A. SCARDELLETTI; FRANK
FERLIN, JR.; JOEL PARKER; DON BUJOLD,
as Trustees of the Transportation
Communications International Union
Staff Retirement Plan,
*Plaintiffs-Appellees,*

v.

GEORGE THOMAS DEBARR, Individually
and as representative of a class of all
persons similarly situated; ANTHONY
SANTORO, SR.,
*Defendants-Appellees,*

and

DONALD A. BOBO; R. I. KILROY; F. T.
LYNCH; FRANK MAZUR,
*Defendants,*

v.

ROBERT J. DEVLIN; RETIRED EMPLOYEES
PROTECTIVE ASSOCIATION,
*Movants-Appellants,*

and

A. MEADERS; JAMES H. GROSKOPF;
THOMAS C. ROBINSON; DOYLE W.
BEAT; MIRIAM E. PARRISH; ROBERT A.
PARRISH; DESMOND FRASER; JAMES L.
BAILEY; DOROTHY DEERWESTER;
THOMAS J. HEWSON; CLAY B. WOLFE;
KENNETH B. LANE; BRIAN A. JONES;
CHARLES O. SWASY,
*Parties in Interest.*

No. 00-1525

On Remand from the United States Supreme Court.
(S. Ct. No. 01-417)

Argued: October 31, 2000

Decided: July 27, 2001

Decided on Remand: August 8, 2002

Before WILLIAMS and MICHAEL, Circuit Judges, and
Joseph F. ANDERSON, Jr., Chief United States District Judge
for the District of South Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Arthur McKee Wisehart, WISEHART & KOCH, New York, New York, for Appellants. William Francis Hanrahan, GROOM LAW GROUP, CHARTERED, Washington, D.C.; Barbara J. Kraft, BEINS, AXELROD & KRAFT, P.C., Washington, D.C.; Kenneth M. Johnson, TUGGLE, DUGGINS & MESCHAN, P.A., Greensboro, North Carolina, for Appellees. **ON BRIEF:** KAHN, SMITH & COLLINS, P.A., Baltimore, Maryland, for Appellants. Leonie Hassel, GROOM LAW GROUP, CHARTERED, Washington, D.C., for Appellees Scardelletti, et al.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In this case, appellant Robert Devlin seeks to challenge a class action settlement in the United States District Court for the District

of Maryland. Previously, we held that the district court did not abuse its discretion in denying Devlin leave to intervene, that Devlin could not appeal the district court's approval of the settlement because he was not a party to the district court litigation, and that the district court was required to explain, pursuant to Federal Rule of Civil Procedure 65, its reasons for granting an injunction under the All Writs Act, 28 U.S.C.A. § 1651(a) (West 1994). *Scardelletti v. Debarr*, 265 F.3d 195, 213 (4th Cir. 2001), *rev'd sub nom. Devlin v. Scardelletti*, ___ U.S. ___, 122 S. Ct. 2005 (2002); *id.* at 216 (Michael, J., concurring in part and concurring in the judgment) (concluding that Devlin could appeal the district court's settlement approval but rejecting his challenges on the merits). The Supreme Court reversed and remanded, holding that "nonnamed class members like [Devlin] who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." *Devlin v. Scardelletti*, 122 S. Ct. 2005, 2013 (2002). The Supreme Court did not disturb our affirmance of the district court's denial of intervention or our reversal and remand of the district court's All Writs Act injunction. *Id.* Devlin has separately appealed the district court's renewed entry of an All Writs Act injunction, and that separate appeal is not at issue here. Instead, in this appeal, we must determine the merits of Devlin's challenges to the district court's approval of the settlement.[1]

I.

The underlying facts of this dispute are adequately stated in our and the Supreme Court's prior opinions in this case. *Scardelletti v. Debarr*, 265 F.3d 195, 212 (4th Cir. 2001), *rev'd sub nom. Devlin v. Scardelletti*, ___ U.S. ___, 122 S. Ct. 2005 (2002). Devlin's basic substantive objection to the settlement is that it nullifies a 1991 amendment to the pension plan which granted a substantial cost-of-living adjustment (COLA) to employees who retired prior to 1991. Devlin argues that the district court erred in approving the proposed settlement because it discriminates against retirees in favor of active participants, lacks an opt-out provision, is the product of conflicts of

---

[1]Because the merits of Devlin's challenges to the settlement have already been fully briefed and argued, we need not obtain additional briefing to decide this appeal.

interest on the part of class representatives and the pension plan trustee, and is based on false claims of financial necessity. Devlin asserts that the district court should have allowed discovery and heard evidence that would have developed his allegations of conflicts of interest. Devlin also contends that COLA benefits for pre-1991 retirees constitute accrued benefits, the modification of which is subject to various procedural requirements imposed by the Employee Retirement Income Security Act (ERISA), and thus, that the settlement is invalid because it violates ERISA. 29 U.S.C.A. § 1054(g)(1) (West 1999 & Supp. 2002).

We review a district court's approval of a proposed class action settlement to "determine whether there [is] a clear showing that the district court abused its discretion" in approving the settlement. *Kovacs v. Ernst & Young*, 927 F.2d 155, 158 (4th Cir. 1991) (internal quotation marks omitted). Federal Rule of Civil Procedure 23(e), which provides that "a class action shall not be dismissed without the approval of the court," contemplates a judicial inquiry into the fairness and adequacy of the proposed settlement. *Kovacs*, 927 F.3d at 158. In determining whether a settlement is fair, the district court should examine "(1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that has been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel" in the relevant area of class action litigation. *Id.* at 159. In determining whether a settlement is adequate, a district court should consider "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement."[2] *Id.*

The district court's opinion demonstrates that it carefully applied the *Kovacs* factors and gave close consideration to Devlin's contentions. The district court found, with adequate support, that the restora-

---

[2]In addition, any award of attorney's fees to class counsel must be reasonable in comparison to the benefits conferred on the class through counsel's efforts. *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 286 (7th Cir. 2002). Devlin does not challenge the settlement on this basis.

tion of the COLA for pre-1991 retirees would threaten the stability and solvency of the retirement plan, thereby damaging all plan beneficiaries. *See Debarr*, 265 F.3d at 216 (Michael, J., concurring in part and concurring in the judgment) (noting the district court's reasonable conclusion that Devlin's position would "steer the ship onto the rocks" and was "absolutely destructive of everybody's rights and interests"). The district court also reasonably found that there was a strong risk on the part of the defendant classes that they would lose on the merits if the case were litigated to final judgment, because the same district court earlier had determined that the COLA benefits were not accrued benefits for pre-1991 retirees and that the trustees who granted the COLA had done so in breach of their fiduciary duties. *Scardelletti v. Bobo*, No. JFM-95-52 (D. Md. Sept. 8, 1997). The record demonstrates that the district court was adequately informed as to the factual basis for Devlin's conflict of interest and inadequate representation claims and did not abuse its discretion in declining to allow Devlin discovery on those claims. *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) ("[I]t is entirely in order for the trial court to limit its proceedings to whatever is necessary to aid it in reaching an informed, just and reasoned decision"); *see also Debarr*, 265 F.3d at 204 n.10 (finding the district court's decision not to allow Devlin discovery to have been reasonable). Further, Devlin cannot show that, by authorizing elimination of the COLA, the settlement "authorizes the continuation of clearly illegal conduct" under ERISA, such that its approval by the district court was improper. *Isby v. Bayh*, 75 F.3d 1191, 1197 (7th Cir. 1996) (internal quotation marks omitted).

## II.

In conclusion, Devlin's challenges to the district court's approval of the settlement fail. The district court carefully weighed all relevant considerations and did not abuse its discretion in approving the settlement in this case. Accordingly, we affirm the district court's approval of the settlement.

*AFFIRMED*